# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40032
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2016

Lyle W. Cayce
Clerk

PATRICK D. BAKER,

      Plaintiff

v.

JOHN M. McHUGH

      Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PATRICK D. BAKER,

      Plaintiff - Appellant

v.

URS FEDERAL SERVICES,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:14-CV-72

Before DAVIS, JONES, and GRAVES, Circuit Judges.

No. 16-40032

PER CURIAM:*

The district court granted summary judgment in this Title VII case in favor of the defendant and rejected plaintiff's claim of unlawful retaliation. The dismissal was on multiple grounds, including the plaintiff's failure to establish a causal nexus between his protected activity and the adverse employment action. We AFFIRM.

I.

Patrick D. Baker was employed by URS Federal Support Services, Inc. ("URS"), a contractor providing services to the federal government. URS assigned Baker to work at a government facility, the Red River Army Depot ("Army Depot"). Baker eventually resigned from URS to work directly for the Army Depot.

The Army Depot scheduled Baker to leave on November 12, 2008 for an assignment in Iraq. On the morning he was to leave, Baker and a coworker consumed alcohol off premises, which officials at the Army Depot discovered. When Baker arrived at work, he admitted to this conduct.

The Army Depot gave Baker two options: either resign or suffer involuntary termination. Baker chose the former. After resigning, Baker tried to return to URS, but it refused to rehire him based on the drinking incident.

In March 2009, Baker filed an EEOC complaint against the Army Depot and argued that similarly situated employees outside his protected class had not been required to resign. Eventually, Baker and the Army Depot agreed to settle the complaint.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 16-40032

A few months later, the police in Arkansas arrested Baker for domestic battery. He pled guilty to "Domestic Battery 3rd degree," a misdemeanor offense, and received twelve months of probation. The district court sealed Baker's guilty plea.

Three years after filing an EEOC complaint against the Army Depot, Baker reapplied with URS to work at the Army Depot. It made him an employment offer for a position beginning on August 24, 2012. However, before his start date, a URS recruiter asked Baker whether he had a criminal record. Baker disclosed that he had pled guilty to a domestic abuse charge and gave URS a copy of his plea.

After discovering Baker's criminal record, URS withdrew its offer. URS informed Baker that his conviction precluded him from passing the background check required to access the Army Depot. After his job offer was withdrawn, Baker filed an EEOC complaint against URS arguing that it retaliated against him for making the 2009 EEOC complaint. However, Baker presented no evidence that his recruiter at URS knew about the EEOC complaint in 2009. The district court agreed with a magistrate judge's recommendation and granted summary judgment in favor of URS. Baker now appeals.

## II.

Baker argues that URS withdrew his employment offer in retaliation for the EEOC complaint he filed three years earlier against the Army depot. We agree with the district court that the record fails to show a causal connection between his 2009 EEOC complaint and URS's refusal to hire him three years later.[1] In particular, Baker points to no evidence that the recruiter of URS ever

---

[1] *See Hernandez v. Yellow Transp., Inc.,* 670 F.3d 644, 657 (5th Cir. 2012) ("A plaintiff establishes a prima facie case of retaliation by showing (i) he engaged in a protected activity,

No. 16-40032

knew about the three-year-old EEOC complaint when he withdrew Baker's employment offer.[2] The failure of summary judgment evidence to establish this fact is fatal to Baker's action.

## III.

For these reasons and those articulated in the thorough opinions of the district court and magistrate judge, we AFFIRM the grant of summary judgment.

---

(ii) an adverse employment action occurred, and (iii) there was a causal link between the protected activity and the adverse employment action." (italics omitted)).

[2] *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 883 (5th Cir. 2003) ("We have determined that, in order to establish the causation prong of a retaliation claim, the employee should demonstrate that the employer knew about the employee's protected activity.").